# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
Case No. 22-1174

\* \* \* \* \* \* \* \* \* \* \* \* \*
TAMIA LINDGREN,                          \*
                                         \*
                Petitioner,              \*          Filed: June 11, 2026
                                         \*
v.                                       \*          Chief Special Master Corcoran
                                         \*
SECRETARY OF HEALTH                      \*
AND HUMAN SERVICES,                      \*
                                         \*
                Respondent.              \*
\* \* \* \* \* \* \* \* \* \* \* \* \*

*Alison Haskins*, Siri & Glimstad, LLP, Aventura, FL, for Petitioner.

*Ryan P. Miller,* U.S. Dept. of Justice, Washington, D.C., for Respondent.

### DECISION DISMISSING PETITION[1]

On September 1, 2022, Tamia Lindgren filed this action seeking compensation under the National Vaccine Injury Compensation Program (the "Program").[2] Petition (ECF No. 1). Petitioner alleged that the human papillomavirus vaccines she received on October 17, 2019, and January 15, 2020, caused her to develop vitiligo. *Id.* at Preamble.

On May 15, 2024, Respondent filed a Rule 4(c) Report recommending denial of entitlement. ECF No. 33. The parties thereafter engaged in expert discovery, and the case was reassigned to my docket on March 5, 2026.

Although Petitioner had previously been ordered to file a brief in support of her claim, she instead filed a motion for a decision dismissing this matter on June 10, 2026. ECF No. 58. In it,

---

[1] This Decision will be posted on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002, 44 U.S.C. § 3501 (2012). **This means the Decision will be available to anyone with access to the internet**. As provided by 42 U.S.C. § 300aa-12(d)(4)(B), however, the parties may object to the published Decision's inclusion of certain kinds of confidential information. Specifically, under Vaccine Rule 18(b), each party has fourteen (14) days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise, the entire Decision will be available to the public in its current form. *Id.*

[2] The Vaccine Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3758, codified as amended, 42 U.S.C. §§ 300aa-10 through 34 (2012) [hereinafter "The Program" or "Program"]. Individual section references hereafter will be to Section 300aa of the Act.

Petitioner acknowledges that dismissing her claim will result in a judgment against her, and that such judgment will end all of her rights in the Vaccine Program.  *Id.*

Under Vaccine Rule 21(b)(1), a claimant may request a decision dismissing petition, even after preparation of Respondent's Rule 4(c) Report. Such a dismissal decision will result in a judgment, although the dismissal will be with prejudice (unless otherwise indicated). Rule 21(b)(1) and (2).

Here, I find such a decision appropriate. To receive compensation in the Vaccine Program, petitioners have the burden of proving either: (1) that the vaccinee suffered a "Table Injury," i.e., an injury beginning within a specified period of time following receipt of a corresponding vaccine listed on the Vaccine Injury Table (a "Table injury") or (2) that the vaccinee suffered an injury that was caused-in-fact by a covered vaccine.  §§ 13(a)(1)(A); 11(c)(1).  In this case, petitioner was not alleging a Table Injury and therefore, must demonstrate the vaccine was the cause-in-fact of her alleged injuries.  To satisfy his burden of proving causation in fact, petitioner must show by preponderant evidence: "(1)) a medical theory causally connecting the vaccination and the injury; (2) a logical sequence of cause and effect showing that the vaccination was the reason for the injury; and (3) a showing of a proximate temporal relationship between vaccination and injury." *Althen v. Sec'y of Health & Human Servs.,* 418 F. 3d 1274, 1278 (Fed. Cir. 2005). But although Petitioner has provided expert reports to support her claim, she has decided not to pursue the matter further.

Accordingly, I hereby **DISMISS** the Petition with prejudice. In the absence of a motion for review filed pursuant to RCFC Appendix B, the Clerk of the Court **SHALL ENTER JUDGMENT** in accordance with the terms of this Decision.

**IT IS SO ORDERED.**

<u>**/s/Brian C. Corcoran**</u>
Brian C. Corcoran
Chief Special Master